UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-10031-CR-Martinez/Garber

UNITED STATES OF AMERICA,

v.

RICARDO GONZALEZ-SOLORZANO,
       Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge

Jose M. Martinez for a Report and Recommendation "as to the appropriateness of Defense counsel's

Voucher." Joaquin G. Perez, Esquire represented the defendant as court appointed counsel pursuant

to the Criminal Justice Act (CJA).

## FACTUAL BACKGROUND

The defendant was charged by Indictment [DE 15] with knowingly failing to obey an order

by an authorized federal law enforcement officer to heave to a vessel while being the master,

operator, and person in charge of said vessel. The defendant entered a plea of not guilty and the

cause thereafter proceeded to trial. The trial took place in Key West, on January 13, 2014, through

and including January 15, 2014, which necessitated Mr. Perez to travel there from Miami. It was

also necessary for Mr. Perez to travel to Key West to attend Court on October 15, 2013, October 21,

2013, and April 15, 2014. All of such travel, on each occasion, required in excess of eight hours

round trip.

An examination of the docket in this cause shows that Mr. Perez filed several motions in this

case, one of which was a Motion to Suppress. It was withdrawn when the government agreed not

to use the evidence that was the subject of the suppression motion.  Mr. Perez also succeeded in

obtaining a modification of the original bond.

## DISCUSSION

Mr. Perez is seeking to exceed the statutory cap of $9,800.00 authorized by the CJA for

representation in a non-capital case.  The CJA provides *inter alia* for compensation of an appointed

attorney for time expended in court and time "reasonably expended out of court" and for expenses

"reasonably incurred."  18 U.S.C. §3006A(d)(3).

In order to exceed the statutory cap the court must find that the case involves "complex" or

"extended" representation.  Clearly, this case is not complex, as is recognized by defense counsel.

However, the Court finds that this case was "extended" because it required the expenditure of more

time in representation and preparation than does the average case.  In addition to the travel to Key

West, counsel was required to make three appearances in Fort Lauderdale for motion and bond

hearings.  A substantial amount of time was spent by counsel in meetings with the defendant, his

family, and an investigator.

The Court has carefully reviewed Mr. Perez's voucher for fees and costs and finds that

reductions in a limited number of entries are necessary.  For example, two entries for 1.2 hours

appear on November 5 and 7, 2013 for meeting with the client to go over facts.  One of such items

must be denied.  Further, on October 4 and 5, 2013, duplicate efforts appear and such entries should

be reduced by .5 hours.  In addition, counsel's voucher reflects a total claim for 2.7 hours regarding

the preparation of the Motion to Suppress.  Given counsel's experience in criminal cases, the time

expended in the preparation of the Motion to Suppress should not have exceeded 1.5 hours.  A claim

for .2 hours for review of a jury's notes that advised that a verdict had been reached is disallowed.

The above items are the only questionable claims made by counsel.  Accordingly, the total number of hours claimed must be reduced by a total of 3.1 hours resulting in a reduction of $390.60 from the claim for $13,773.00 to an allowable claim of $13,382.40.

The Court has examined the claim for travel expenses including lodging, parking, meals, and mileage, in the amount of $2,566.94 and finds that they were for reasonable and necessary items and were appropriate.

**CONCLUSION AND RECOMMENDATION**

For reasons set forth above and based upon the Court's review of the record, and consideration of the submission in support of an award of fees, costs, and expenses pursuant to the Criminal Justice Act, the undersigned respectfully

RECOMMENDS that Joaquin G. Perez, Esquire, court appointed counsel pursuant to the Criminal Justice Act, be awarded $13,382.40 as and for reasonable and necessary attorney's fees in this extended cause, and an additional $2,566.94 for travel expenses, for a total award of **$15,949.34**.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Jose M. Martinez.  See 28 U.S.C. §636 (1991).  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 28th  day of August 2014.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE